IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ASHAWNTUS S. MCCAMBRY,

    Defendant.

Case No. 16-20003-01-DDC

## MEMORANDUM AND ORDER

Defendant Ashawntus McCambry filed a pro se[1] motion (Doc. 46) asking the court to appoint him counsel to file a motion under 18 U.S.C. § 3582(c)(1)(A)(i).  He signals his desire to seek compassionate release based on the risk that COVID-19 poses to his health while incarcerated.  *See* Doc. 46 at 1–2; *see also* Doc. 47.  Given the motion's content, the court liberally construes it as one requesting both appointment of counsel and compassionate release.

This Memorandum and Order first reviews the law governing appointment of counsel for criminal defendants' post-conviction claims, and then applies that law to Mr. McCambry's request.  The court then explains why it orders Mr. McCambry to show cause why the court should not dismiss his request for compassionate release under § 3582(c)(1)(A).

    **I.**    **Mr. McCambry's Request for Appointment of Counsel**

        **A. Legal Standard Governing Motions to Appoint Counsel**

Our Constitution's Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense."  U.S. Const. amend. VI.  But this right is not perpetual.  "There is no constitutional right to counsel beyond

---

[1] "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a [18 U.S.C.] § 3582(c)(2) motion."). The Supreme Court has explained that there is no "general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). So, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

But eventual appointment of counsel for post-conviction claims remains possible. The Criminal Justice Act authorizes the court to appoint counsel "for any financially eligible person" seeking post-conviction relief under 28 U.S.C. §§ 2241, 2254, or 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). And for post-conviction relief under 18 U.S.C. § 3582(c)(1)(A), our court currently arranges for appointment of counsel for certain indigent defendants who have filed motions under that provision. Chief Judge Robinson has explained:

> Under Standing Order 19-1, the Federal Public Defender ("FPD") was appointed to represent indigent defendants who may qualify to seek compassionate release under section 603(b) of the First Step Act. That Order was supplemented by Administrative Order 20-8, which established procedures to address motions brought on grounds related to the COVID-19 pandemic. Under that Order, **the FPD shall notify the court within fifteen days of any *pro se* individual filing a compassionate release motion whether it intends to enter an appearance on behalf of the defendant**, or whether it seeks additional time to make such determination.

*United States v. Velazquez*, No. 16-20114-JAR-4, 2020 WL 7122429, at *1 (D. Kan. Dec. 4, 2020) (emphasis added). So, filing a pro se motion for compassionate release gives the Federal Public Defender an opportunity to consider and enter an appearance on the pro se movant's behalf. *See id.*

2

With this governing law in mind, the court considers the pending request for counsel.

## B. Whether the Court Should Appoint Counsel for Mr. McCambry

Mr. McCambry asks the court to appoint him counsel to pursue relief under 18 U.S.C. § 3582(c)(1)(A). Doc. 46 at 1. The court denies his request for two reasons. *First*, the substantive merits of the request do not warrant appointing counsel at this time. When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). Here, after considering Mr. McCambry's motion to appoint counsel as well as (1) his ability to present his potential claim, (2) the merits of that potential claim, (3) the straightforward nature of the claim's factual issues, (4) the simplicity of the claim's legal issues, and (5) the lack of evidence showing indigency, the court concludes that the appointment of counsel is not warranted here.

*Second*, our court already has enabled the Federal Public Defender to enter an appearance on Mr. McCambry's behalf. *See* D. Kan. S.O. 2020-8. On June 11, 2021, the Federal Public Defender's office notified the court that it had reviewed Mr. McCambry's filings and did not intend to enter an appearance on his behalf.

The court thus denies the Motion to Appoint Counsel (Doc. 46). Now, the court considers the second question implicated by Mr. McCambry's motion, *i.e.*, whether it satisfies the procedural prerequisites for relief under § 3582(c)(1)(A).

## II. Mr. McCambry's Request for Relief Under 18 U.S.C. 3582(c)(1)(A)

The court liberally construes Mr. McCambry's motion as also seeking relief under 18 U.S.C. § 3582(c)(1)(A). The First Step Act "modified § 3582(c)(1) to allow a defendant to directly file a motion for compassionate release with the district court after either [1] exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or [2] the passage of 30 days from the defendant's unanswered request to the warden for such relief." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021).

Here, Mr. McCambry's filing fails to show that either (1) exhaustion or (2) lapse occurred before he filed his request in federal court. He explains that the warden denied his request(s) for relief under § 3582(c)(1)(A) on April 9, 2021 and May 10, 2021. *See* Doc. 46 at 5 (citing Doc. 47). But Mr. McCambry's filings do not suggest that the warden failed to respond within 30 days to any of his requests. Nor does he assert that he exhausted his administrative rights to appeal either denial. So, Mr. McCambry has not demonstrated that he satisfied requirement of lapse or exhaustion under § 3582(c)(1)(A).

Our Circuit reads § 3582(c) to impose jurisdictional requirements. *See United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."); *see also United States v. Salcido*, ___ F. App'x ___, No. 20-2108, 2021 WL 2285220, at *1 (10th Cir. June 4, 2021) (holding that defendant's "failure to exhaust was fatal to his motion" under 18 U.S.C. § 3582(c)(1)(A) and the "procedural defect meant the district court lacked the authority to review [defendant's] request, so dismissal rather than denial of the motion was the appropriate disposition"). So, unless Mr. McCambry shows exhaustion or lapse, the court lacks subject matter jurisdiction and must dismiss his request.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ashawntus McCambry is ordered to show cause in writing **within 45 days of the date of this Order** why the court should not dismiss his pending request for compassionate release without prejudice for failing to show exhaustion or lapse under 18 U.S.C. § 3582(c)(1)(A) and resulting lack of subject matter jurisdiction.[2]

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. McCambry's motion (Doc. 46) is denied in part. The court denies Mr. McCambry's request to appoint counsel. But because the court construes Mr. McCambry's motion as also seeking relief under 18 U.S.C. § 3582(c)(1)(A) and the court has yet to rule that request, the court directs the Clerk to continue designating Doc. 46 as a pending motion.

**IT IS SO ORDERED.**

**Dated this 18th day of June, 2021, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**

---

[2] If Mr. McCambry informs the court that before filing his motion (1) he had not fully exhausted all administrative rights to appeal BOP's failure to bring a motion on his behalf, and (2) there had been no lapse of 30 days (or more) from the receipt of such a request by the warden, the court will dismiss his pending request for relief *without prejudice*—meaning Mr. McCambry later can refile a motion for compassionate release *after* first satisfying the requirement of exhaustion or lapse.