IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ASHAWNTUS S. MCCAMBRY,

    Defendant.

Case No. 16-20003-01-DDC

## MEMORANDUM AND ORDER

Defendant Ashawntus McCambry filed a pro se[1] motion (Doc. 46) asking the court to appoint him counsel to file a motion under 18 U.S.C. § 3582(c)(1)(A). The court denied that request, and explained it would construe Mr. McCambry's motion as a compassionate release request. Doc. 51. For reasons explained below, the court denies Mr. McCambry's request for compassionate release.

**I.    Background**

Mr. McCambry pleaded guilty to Count 1, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and Count 2, Felon in Possession of Firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), of the Superseding Information. Doc. 26 at 1. The parties proposed, and the sentencing court accepted, a sentence of 60 months on Count 1 and 46 months on Count 2, to run consecutively, for a total sentence of 106 months. Doc. 26 at 3; Doc. 33 at 2. Mr. McCambry's projected release date is September 18, 2023. *See* Ashawntus S. McCambry, Reg. No. 27351-031, https://www.bop.gov/inmateloc/ (last visited Oct. 12, 2021).

---

[1]     "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On May 25, 2021, Mr. McCambry filed a Motion for Compassionate Release and a Motion to Appoint Counsel.  Doc. 46.  On June 18, 2021, the court denied the Motion to Appoint Counsel and liberally construed the motion to seek relief under 18 U.S.C. § 3582(c)(1)(A), a Motion for Compassionate Release.  Doc. 51 at 1.  But, the court found Mr. McCambry failed to show exhaustion or lapse.  *Id.* at 4.  The court ordered Mr. McCambry to show cause why the court should not dismiss his Motion for Compassionate Release without prejudice for failure to show exhaustion or lapse.  *Id.* at 5.  To date, Mr. McCambry has failed to respond to the court's show cause order.

The court issued the show cause order out of concern that it lacked subject matter jurisdiction.  However, since the court issued the show cause order, our Circuit held that the exhaustion or lapse requirement is a claim-processing rule that the government may waive or forfeit—not a jurisdictional requirement.  *United States v. Hemmelgarn*,___ F.4th ___, 2021 WL 4692815, at *2 (10th Cir. Oct. 8, 2021).  As a result, Mr. McCambry's failure to show exhaustion or lapse is not fatal to his request for compassionate release, and the court proceeds to the merits of his motion.

**I.     Legal Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions.  One such exception is contained in [18 U.S.C.] § 3582(c)(1)."  *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted).  Under this exception, the court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Recently, our Circuit held that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit. *Hemmelgarn*, 2021 WL 4692815, at *2.

After considering exhaustion, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three perquisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit recently held that it does not view the first step—"extraordinary and compelling" reasons—in § 3582(c)(1)(A) as jurisdictional. *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not consider the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate

---

[2] Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered request* to the warden for such relief." *See Maumau*, 993 F.3d at 830 (emphasis added).

release motions, like this one. *Maumau*, 993 F.3d at 837. So, unless "and until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. CR 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

## II.     Discussion

The government does not contest that Mr. McCambry has met the exhaustion or lapse requirements of 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 53. Thus, the court considers this argument forfeited and proceeds to the merits. The court denies Mr. McCambry's motion for two independently sufficient reasons, explained below: (1) Mr. McCambry has not shown extraordinary and compelling reasons, and (2) the § 3553(a) sentencing factors do not favor his release.

### A.     Whether Mr. McCambry Presents Extraordinary and Compelling Reasons

Mr. McCambry seeks compassionate release because of his medical conditions—ulcerative colitis and breathing problems from a coronavirus infection—and the COVID-19 outbreak at the prison. Doc. 46 at 2. Earlier this year, our district considered a similar case. *See United States v. Moreno*, 519 F. Supp. 3d 937 (D. Kan. 2021). In *Moreno*, defendant argued he satisfied the extraordinary and compelling reasons requirement because his medical conditions, including "psoriasis, ulcerative colitis, early exposure to tuberculosis, and the presence of a VP shunt," increased his risk of serious harm or death from COVID-19. *Id.* at 941. The *Moreno* court made two persuasive findings. *First*, the *Moreno* court found it significant that the defendant had tested positive for COVID-19 and, even "assuming that defendant could or would contract COVID-19 a second time, there is no reason to believe he would experience an adverse outcome[.]" *Id.* at 941–42 (first citing *United States v. Funez*, No. 13-cr-00160-PAB-7, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant already had

4

contracted COVID-19 and recovered without incident); then citing *United States v. Rodriguez-Maciel*, No. 13-10140-03-JWB, 2021 WL 147985, at *2 (D. Kan. Jan. 15, 2021) (finding a general fear of reinfection not sufficient to warrant compassionate release where defendant recovered from COVID-19); then citing *United States v. Simpson*, No. 19-20026-JAR, 2021 WL 147986, at *2 (D. Kan. Jan. 15, 2021) (same)).  *Second*, the *Moreno* court held, "even assuming that he contracted COVID-19 a second time and that the second time has the potential to be more serious, defendant is still not eligible for compassionate release because he has not shown that his particular medical conditions warrant it."  *Id.* at 942.  Ultimately, the *Moreno* court found the defendant did not show "that his medical conditions constitute extraordinary and compelling reasons[.]"  *Id.*

This case is similar to *Moreno*, but Mr. McCambry has fewer medical issues.  Here, as there, Mr. McCambry claims his ulcerative colitis[3] and breathing problems from a prior COVID-19 infection put him at risk during the COVID-19 pandemic.  *See* Doc. 46.  But Mr. McCambry previously contracted COVID-19.  Doc. 53 at 16.  The record shows that Mr. McCambry experienced an asymptomatic case of COVID-19.  *Id.*  Even if Mr. McCambry contracted "COVID-19 a second time, there is no reason to believe he would experience an adverse outcome," given his prior experience.  *Moreno*, 519 F. Supp. 3d at 941–42.  And, here, as in *Moreno*, Mr. McCambry's particular medical conditions are not recognized risk categories according to the CDC.  *See* CDC, *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 12, 2021).  Thus, Mr. McCambry does not present extraordinary and compelling reasons for a sentence reduction.

---

[3]   The government confirmed Mr. McCambry's ulcerative colitis diagnosis and provided the medical records.  Doc. 53 at 14–15.

B.     **Whether the § 3553(a) Factors Favor Reducing the Sentence**

Even if Mr. McCambry had presented extraordinary and compelling reasons for a sentence reduction, his motion nonetheless fails at the third step of the § 3582(c)(1)(A) analysis. Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider whether the defendant poses a danger to the community, and the relevant sentencing factors under § 3553(a).  18 U.S.C. § 3582(c)(1)(A).[4]  If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Mr. McCambry committed a serious felony offense.  Law enforcement suspected drug trafficking at a residence, and when police executed a search warrant at that residence, Mr. McCambry fired shots at the officers.  Doc. 29 at 5 (Presentence Investigation Report ¶¶ 14, 17). Police found guns, powder cocaine, crack cocaine, heroin, and marijuana at the residence.  *Id.* at 5–6 (Presentence Investigation Report ¶¶ 18, 22).  Mr. McCambry pleaded guilty to Possession

---

[4]     Those factors include:  (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants.  *See* 18 U.S.C. § 3553(a).

of a Firearm in Furtherance of a Drug Trafficking Crime and Felon in Possession of Firearms. Doc. 33 at 1. Mr. McCambry was sentenced to 106 months. Doc. 33 at 2. This is the sentence Mr. McCambry agreed to in his plea agreement. Doc. 26 at 3. And, his projected release date remains nearly two years away. *See* Ashawntus S. McCambry, Reg. No. 27351-031, https://www.bop.gov/inmateloc/ (last visited Oct. 12, 2021). Given these facts, the court finds that a sentence reduction would not reflect the nature and seriousness of Mr. McCambry's offense. It would radically alter the appropriate sentence and no longer provide just punishment for his offense.

### III.    Conclusion

Mr. McCambry fails to present extraordinary and compelling circumstances that warrant compassionate release. And, the applicable sentencing factors do not support the substantial sentence modification that Mr. McCambry seeks. His motion thus fails to satisfy § 3582(c)(1)(A)'s requirement and, as a result, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McCambry's motion under 18 U.S.C. § 3582(c)(1)(A) (Doc. 46) is denied.

**IT IS SO ORDERED.**

**Dated this 20th day of October, 2021, at Kansas City, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**